IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 4:97-866-CMC |
| v. | |
| Robert Benton, Jr., | Opinion and Order |
| Defendant. | |

This matter is before the court pursuant to Defendant's *pro se* motion for sentence reduction under 18 U.S.C. § 3582(c). ECF No. 282. Defendant requests this court reduce his sentence "based on the retroactive application of amendment 599." *Id.* He also seeks a reduction under "the retroactive application of Amendment 782, two level reduction for drug offenses." *Id.* at 3. Defendant's original total offense level was 46, with criminal history category VI, which meant a guideline range of life imprisonment plus 60 months consecutive for his 18 U.S.C. § 924(c) conviction. ECF No. 219-1, PreSentence Report. He was sentenced to life imprisonment. ECF No. 115.

Defendant previously filed a motion to reduce his sentence pursuant to Amendments 599 and 750. ECF No. 221. A Sentence Reduction Report ("SRR") was filed on April 3, 2012, showing Defendant's amended offense level as 42, after a two-level reduction under Amendment 750 and the removal of the 2 level enhancement for possession of a firearm. ECF No. 219, SRR ("At the defendant's original sentencing hearing he was held responsible for a 2-level enhancement for possession of a firearm; however, that enhancement was not applied now due to retroactive Amendment 599, which prohibits the application of a firearm enhancement under Chapter Two of the guidelines when you also have a 924(c) count of conviction."). A total offense level of 42,

criminal history category VI, resulted in an amended guideline range of 360 months to life. *Id.* The court resentenced Defendant to 420 months, which was the low end of the guideline range of 360 months plus the 60 months consecutive for his § 924(c) conviction. ECF No. 224. Therefore, as seen in the SRR and as reflected in Defendant's Amended Judgment and reduced sentence, he has already received removal of the two level enhancement under Amendment 599. Defendant's motion as to Amendment 599 is denied.

Defendant also requests relief under Amendment 782, which provides for a two-level reduction of offense levels for crack cocaine offenses. A two-level reduction would put his amended total offense level at 40, criminal history category VI, which would mean his amended guideline range would be 360 months-life (plus 60 months for the § 924(c) conviction). Because this does not lower his guideline range (the guideline range is the same for total offense level 42 as it is for total offense level of 40), Amendment 782 does not apply to lower Defendant's sentence. *See* SRR, Amendment 782 (Jan. 31, 2018) (attached).

Defendant's motion is denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie<br>CAMERON MCGOWAN CURRIE<br>Senior United States District Judge

Columbia, South Carolina
February 1, 2018