IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 4:97-866-CMC |
| v. | |
| Robert Benton, Jr., | Opinion and Order |
| Defendant. | |

Defendant seeks relief in this court pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015).[1] ECF Nos. 259, 264, 269. Defendant's original *pro se* motion argues he is no longer an Armed Career Criminal or a Career Offender, and that his 18 U.S.C. § 924(c) conviction should be vacated because his underlying offense fails to qualify as a "crime of violence." ECF No. 259. Defendant filed a *pro se* supplement, arguing his convictions for aggravated assault and battery, assault and battery with intent to kill, and involuntary manslaughter no longer qualify as predicate convictions under the Armed Career Criminal Act. ECF No. 264.[2] The Federal Public Defender filed a supplemental motion to vacate on July 20, 2016. ECF No. 269. The Government filed a motion to dismiss Defendant's § 2255 motion, citing untimeliness as grounds to dismiss. ECF No. 274. Defense counsel filed a reply. ECF No. 277. This matter was held in abeyance pending the *en banc* decision of the Fourth Circuit in *United*

---

[1] Defendant was granted permission by the Fourth Circuit to file a second or successive application for relief under § 2255. ECF No. 258.

[2] Defendant also argued these convictions no longer support his career offender status, and requested the court hold his motion in abeyance pending a decision in *Beckles v. United States*, __ U.S. __, 137 S.Ct. 886, 890 (2017). *Id.* at 5.

*States v. Simms*, 914 F.3d 229 (4th Cir. 2019), and the decision of the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). After *Simms* and *Davis* were decided, the court entered an order requesting supplemental briefing. ECF No. 319. Defense counsel filed a supplemental brief in support (ECF No. 335) and the Government filed a response in opposition (ECF No. 337).[3] Defense counsel then filed a motion for leave to file a supplemental response, which was granted, and the supplemental response was filed. ECF Nos. 340, 341, 342.

## I. **Background**

On March 18, 1998, Defendant was charged via Fourth Superseding Indictment with six counts: 1) conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A); 2) possession with intent to distribute and distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1); 3) possession with intent to distribute and distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1); 4) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); 5) attempting to kill an individual with the intent to prevent his attendance and testimony in an official proceeding, in violation of 18 U.S.C. § 1512(a)(1) and (2); and 6) knowingly using and carrying firearms during and in relation to a crime of violence, specifically, an attempt to kill another person with intent to prevent his attendance and testimony at an official proceeding, in violation of 18 U.S.C. § 924(c). ECF No. 43. Defendant pled guilty to Counts 2 and 3. ECF No. 46. Following a jury trial, Defendant was found guilty on Counts 1, 4, 5, and 6. ECF No. 76.

---

[3] Defendant and defense counsel each filed motions to extend time to file the supplemental brief. ECF Nos. 320, 326, 330, 331. Counsel's requests (ECF Nos. 320, 331) were granted in part. Defendant's *pro se* motion for extension is denied as moot. ECF No. 330.

2

A PreSentence Report ("PSR") concluded Defendant was an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"), facing a mandatory minimum term of imprisonment of fifteen (15) years and a maximum term of life imprisonment, and a Career Offender under the Sentencing Guidelines. ECF No. 316-1. The PSR found that Defendant's prior South Carolina convictions for aggravated assault and battery ("ABHAN") in 1987, assault and battery with intent to kill ("ABIK") in 1989, and involuntary manslaughter in 1991 were violent felonies and his convictions for distribution of crack cocaine in 1993 were for serious drug offenses, all of which qualified as predicate convictions for ACCA and career offender purposes. *Id.* at ¶¶ 64, 69, 72, 73, 74. The offense level for armed career criminal was driven by Defendant's drug offense level, and resulted in an offense level of 44. The career offender enhancement resulted in offense level of 37. *Id.* at ¶ 64. Defendant's total offense level for all counts was 46, criminal history category VI, resulting in a mandatory guideline range of Life imprisonment (plus 60 months consecutive on the § 924(c) conviction). *Id.* at ¶ 98.

On December 21, 1998, Defendant appeared for sentencing. Defendant was sentenced to Life imprisonment, consisting of Life on Counts 1 and 4, 240 months on Counts 2 and 5, 480 months on Count 3, concurrent, and 60 months consecutive as to Count 6. ECF No. 115. Defendant appealed his convictions and sentence, but the Fourth Circuit affirmed. ECF No. 149.

On January 10, 2013, Defendant filed a motion to reduce sentence under Amendments 599 and 750. ECF No. 221. The court granted the motion, and reduced Defendant's sentence to a total term of 420 months: 360 months as to Counts 1 and 4, 240 months concurrent as to Counts 2 and 5, 360 months concurrent as to Count 3, and 60 months consecutive as to Count 6. ECF Nos. 223, 224.

## II. **Armed Career Criminal Act**

A conviction for felon in possession typically carries a statutory maximum sentence of ten years in prison. *See* 18 U.S.C. §§ 922(g), 924(a)(2). However, if the accused has three or more previous convictions for certain types of felonies, he is subject to an enhanced minimum sentence of fifteen years imprisonment with a maximum term of life imprisonment. Title 18 U.S.C. § 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

As is relevant to this case, the statute defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that– (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). The first clause, § 924(e)(2)(B)(i), is typically referred to as the "use of force" clause ("has as an element the use, attempted use, or threatened use of physical force against the person of another."). The first part of the second clause, § 924(e)(2)(B)(ii), lists specific offenses – burglary, arson, extortion, offenses involving use of explosives – and is commonly denoted the "enumerated offense" clause. Finally, the portion of § 924(e)(2)(B)(ii) covering a conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is generally referred to as the "residual clause."

4

The statute defines "serious drug offense" as

(i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or
(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

§ 924(e)(2)(A).

### a. *Johnson* and *Welch*

On June 26, 2015, the Supreme Court held the residual clause of the ACCA violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 576 U.S. at __, 135 S. Ct. at 2557. By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the violent felony predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal. On April 18, 2016, the Supreme Court decided *Welch*, holding the newly established right recognized in *Johnson* retroactive to cases on collateral review. 578 U.S. __, 136 S.Ct. at 1259.

### a. *Discussion*

Defendant argues, in light of the invalidation of the ACCA residual clause, his predicate convictions for ABHAN and involuntary manslaughter are no longer categorically violent felonies and therefore cannot qualify him as an Armed Career Criminal. ECF No. 335 at 8-9. In previous briefing, Defendant also argued his ABIK conviction could no longer serve as a predicate offense. ECF No. 264 at 4.

5

The Government concedes the ABHAN and involuntary manslaughter convictions no longer qualify as predicate offenses for ACCA purposes, but argues this "has no effect on the defendant's overall sentence." ECF No. 337 at 6. It argues Defendant still qualifies as an Armed Career Criminal based on his ABIK conviction and four prior convictions for distribution of crack cocaine which qualify as separate serious drug offenses because they occurred on separate days. *Id.* at 8. The Government contends the *Shepard* documents show these convictions involved actual distribution of controlled substances, and so qualify as predicates under the modified categorical approach. *Id.* It also notes his ABIK conviction qualifies as a violent felony.

The PSR identified seven convictions for Armed Career Criminal status: aggravated assault and battery conviction dated August 11, 1988, assault and battery with intent to kill conviction dated January 22, 1990, involuntary manslaughter conviction dated July 1, 1993, and four distribution of crack cocaine convictions dated July 1, 1993. ECF No. 316-1 at ¶¶ 69, 72, 73, 74. The PSR further notes the offense conduct for the four counts of distribution of crack cocaine took place on March 7, 1991, March 17, 1991, May 10, 1991, and June 21, 1991. *Id.* at ¶ 74.

Aggravated assault and battery, which both parties agree is now referred to as Assault and Battery of a High and Aggravated Nature, has been held by the Fourth Circuit not to be a violent felony under the ACCA force clause. *United States v. Hemingway*, 734 F.3d 323, 327 (4th Cir. 2013).[4] Similarly, the Fourth Circuit has held South Carolina involuntary manslaughter is not a

---

[4] Recently, a three-judge panel of the Fourth Circuit decided, in an unpublished opinion, that South Carolina second degree assault and battery is a crime of violence under the force clause for career offender purposes. *United States v. Butler*, 760 F. App'x 194, 197 (4th Cir. 2019). However, this determination was based on the codified version of assault and battery, which abolished all

violent felony under the ACCA. *United States v. Middleton*, 883 F.3d 485, 493 (4th Cir. 2018). The court is bound by these published opinions and therefore determines these two convictions cannot count as predicates for ACCA purposes.

South Carolina assault and battery with intent to kill, however, has been held to be a predicate violent felony under the force clause of the ACCA. *United States v. Dinkins*, 714 F. App'x 240, 244 (4th Cir. 2017). Although unpublished, the opinion cites two other circuits that have found offenses with *mens rea* elements requiring similar intent to be violent felonies. *Id.* (*citing United States v. Edwards*, 857 F.3d 420, 425 (1st Cir. 2017) (Massachusetts armed assault with intent to murder); *Raybon v. United States*, 867 F.3d 625, 631-32 (6th Cir. 2017) (Michigan assault with intent to do great bodily harm)). Following the reasoning of *Dinkins*, the court concludes Defendant's ABIK conviction qualifies as a predicate offense under the ACCA's force clause.

In addition, Defendant's four South Carolina convictions for distribution of crack cocaine qualify as serious drug offense predicates. In *United States v. Furlow*, the Fourth Circuit held the South Carolina drug statute §44-53-375(B) divisible and therefore subject to the modified categorical approach. 928 F.3d 311, 320 (4th Cir. 2019). The Government has produced *Shepard*[5] documents, which show Defendant pled guilty on the same day to four counts of Distribution of

---

common law assault and battery offenses in 2010. Defendant's conviction took place in 1987 and thus is controlled by *Hemingway*.

[5] The phrase "*Shepard* documents" refers to the Supreme Court's 2005 decision in *Shepard v. United States*, 544 U.S. 13, 16 (2005), which specified certain documents a court may examine when applying the modified categorical approach.

Crack Cocaine in violation of S.C. Code § 44-53-375(B). ECF No. 337-1. Each count was based on conduct occurring on a separate date.

Each of these offenses must have been "committed on occasions different from one another" in order to qualify as an ACCA predicate. § 924(e)(1). These four offenses were "committed on occasions different from one another," even though Defendant was arrested the same day for all four charges and convicted the same day for all four offenses, because each charged crime is a "separate and distinct criminal episode." *United States v. Letterlough*, 63 F.3d 332, 334 (4th Cir. 1995) (holding drug sales made by defendant to same police officer, in same location, but approximately 90 minutes apart, to be on different occasions). The Fourth Circuit specifies five factors to determine whether predicate ACCA offenses were committed on different occasions:

> (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) whether the defendant had the opportunity after committing the first-in-time offense to make a conscious and knowing decision to engage in the next-in-time offense.

*United States v. Linney*, 819 F.3d 747, 751 (4th Cir. 2016) (internal citations omitted). In the instant case, the fifth factor weighs heavily in favor of considering the distributions distinct episodes: at least 10 days passed between the first and second sale, approximately six weeks between the second and third, and about six weeks between the third and fourth. ECF No. 316-1 at ¶ 74. This timeframe clearly shows Defendant had the opportunity to make a "conscious and knowing decision to engage in the next-in-time offense," and decided to continue to distribute crack cocaine. *See Linney*, 819 F.3d at at 751 ("[T]he strong presence of any one factor can

8

dispositively segregate an extended criminal episode into a series of separate and distinct episodes."); *United States v. Taft*, 250 F. App'x 581 (4th Cir. 2007) (holding drug sales in same geographic location to undercover officer on two separate days, February 9 and 25, were easily determined to be separate transactions occurring on different occasions). Therefore, each of the four counts of Distribution of Crack Cocaine is a separate serious drug offense predicate for ACCA purposes.

For the reasons above, Defendant is properly designated an Armed Career Criminal.

## III. <u>Career Offender</u>

Section 4B1.1 of the United States Sentencing Guidelines notes a defendant is a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1. The term "controlled substance offense" is defined as an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense. § 4B1.2(b). At the time of Defendant's conviction, the definition of crime of violence was as follows:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*"

§ 4B1.2(a) (emphasis added).[6] As the "residual clause" of the definition of crime of violence had wording similar to that of the ACCA residual clause, which was invalidated by *Johnson*, many defendants brought similar challenges to their career offender designations.

Defendant challenges use of his convictions for ABHAN and involuntary manslaughter, which the Government concedes are no longer predicates for career offender status. However, as explained above, Defendant also has predicate convictions for ABIK, a crime of violence under the force clause,[7] and distribution of crack cocaine, a controlled substance offense.[8] Therefore, he remains a career offender.

## IV. **18 U.S.C. § 924(c)**

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime. . . for which

---

[6] The definition of "crime of violence" for career offender purposes, revised effective August 1, 2016, no longer contains a residual clause.

[7] The Fourth Circuit treats predicate offenses similarly for purposes of analysis under the ACCA and Sentencing Guidelines. *United States v. Carthorne*, 726 F.3d 503, 511 (4th Cir. 2013) ("We rely on precedents addressing whether an offense is a crime of violence under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony' under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), as the two terms are defined in a substantively identical manner.") (citations omitted).

[8] The four counts of distribution of crack cocaine are considered a single sentence and count as one predicate offense for career offender purposes pursuant to U.S.S.G. § 4A1.2(a)(2), App. n.3(A).

10

the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ." 18 U.S.C. 924(c).

The statute defines a "crime of violence" as:

an offense that is a felony and –
(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause is known as the "force" clause, while the second is the "residual" clause. *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015).

The Fourth Circuit has held the residual clause of §924(c)(3)(B) is unconstitutionally vague and therefore void. *United States v. Simms*, 914 F.3d 229, 236 (4th Cir. 2019). However, the mandate in *Simms* was held in abeyance pending the *Davis* decision in the Supreme Court, which would conclusively decide the issue.

On June 24, 2019, the Supreme Court also decided the residual clause of § 924(c)(3)(B) is void for vagueness. *United States v. Davis*, 588 U.S. __, 139 S.Ct. 2319, 2336 (2019). In doing so, the Court rejected application of a case-specific approach for § 924(c) and applied the categorical approach. *Id.* at 2327-32.

　　*a. Discussion*

In his motion, Defendant argues that his § 924(c) conviction in Count 6 cannot stand in the face of the *Johnson* reasoning because his underlying offense categorically fails to qualify as a crime of violence. ECF No. 269. Specifically, he argues that the *Johnson* reasoning invalidates the residual clause of § 924(c)(3)(B), and his conviction in Count 5 for attempting to kill another

11

person with intent to prevent his attendance and testimony at an official proceeding cannot qualify via the force clause in § 924(c)(3)(A). *Id.*[9]

His supplemental briefing argues the relevant question, given the decisions in *Davis* and *Simms*, is whether his conviction for attempting to kill in violation of 18 U.S.C. § 1512(a)(1)(A) can qualify as an underlying offense for a § 924(c) conviction under the force clause of § 924(c)(3)(A). ECF No. 335 at 2. Although the Fourth Circuit recently decided a violation of § 1512(a)(1) is a crime of violence under the force clause of § 924(c), Defendant argues his conviction was for *attempt* to kill, not actual killing, under § 1512(a)(1). *Id.*; *see United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019). He contends attempting to kill someone can be accomplished in ways that do not involve the use, attempted use, or threatened use of force against another. ECF No. 335 at 2-3. He also argues an ambiguity in the jury charge means his § 1512(a)(1)(A) conviction cannot be for a crime of violence under the force clause, and because the jury charge included the residual clause, the jury verdict is infirm. *Id.* at 7. Finally, in a separately filed supplemental argument, Defendant contends his Fifth and Sixth Amendment rights were violated when the court constructively amended the indictment by adding reference to § 1512(a)(2). ECF No. 342. He argues the court, not the jury, decided the § 1512 conviction was a crime of violence under § 924(c), and did not determine whether it was under the force clause or residual clause of § 924(c). *Id.* at 4. He argues the jury must decide whether § 1512 falls under

---

[9] In its initial response, the Government argued only that Defendant's § 2255 motions were untimely under § 2255(f)(3), and deferred further substantive argument for later briefing, if necessary. ECF No. 274. In his reply, Defendant argued his motion is timely, as it was filed within one year after the decision in *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015). ECF No. 277.

the force clause of § 924(c)(3)(A), and if not his Sixth Amendment right to trial by jury is violated. *Id.* at 4-5.

The Government's supplemental briefing argues Defendant's conviction under § 1512(a)(1)(A) serves as an underlying offense for his § 924(c) conviction under the force clause. ECF No. 337 at 2. Relying on *Mathis*, the Government contends the Fourth Circuit has squarely answered the question whether a violation of § 1512(a)(1) qualifies under the force clause, even though *Mathis* did not address an attempt conviction, because the language of § 1512(a)(1) includes "attempt." *Id.* at 3. It further argues persuasive authority renders the attempted murder conviction a crime of violence under the force clause, even if the court finds *Mathis* does not control. *Id.* at 3-4. Finally, the Government submits Defendant's arguments regarding jury instructions and docket wording are without merit. *Id.* at 5-6.

i. Analysis

The offense underlying Defendant's § 924(c) conviction is a violation of § 1512(a)(1)(A), which prohibits killing or attempting to kill another person to prevent attendance or testimony in an official proceeding. ECF No. 43. Section 1512(a)(1)(A) reads: "Whoever kills or *attempts to kill* another person, with intent to – prevent the attendance or testimony of any person in an official proceeding . . . shall be punished as provided in paragraph (3)." (emphasis added). Paragraph (3) sets out different punishments for (A) a killing; (B) an attempt to murder or the use or attempted use of physical force against any person; and (C) threat of use of physical force against any person. § 1512(a)(3).

The elements of an attempt to kill under § 1512(a)(1) are: (1) an attempted killing; (2) committed with intent; (3) to prevent the attendance or testimony of any person in an official

proceeding. *Fowler v. United States*, 563 U.S. 668, 672 (2011). Fourth Circuit precedent "defines generic attempt as requiring 1) culpable intent to commit the crime charged and (2) a substantial step towards the completion of the crime, which is consistent with the definition of attempt found in the Model Penal Code." *United States v. Dozier*, 848 F.3d 180, 186 (4th Cir. 2017).

The court finds Defendant's § 924(c) conviction properly rests upon his violation of § 1512(a)(1)(A) under the force clause of § 924(c)(3)(A). The Fourth Circuit has recently (after *Davis*) affirmed §924(c) convictions predicated on federal witness tampering by murder, in violation of § 1512(a)(1)[10]. *Mathis*, 932 F.3d at 263-65 (4th Cir. 2019).[11] In *Mathis*, the Fourth Circuit rejected the defendant's argument that § 1512(a)(1) does not require the use or threatened use of force because the statute can be violated by using non-violent, indirect means, such as poisoning the victim. The court found this argument foreclosed by the Supreme Court's decision in *United States v. Castleman*, in which the Court held "physical force is simply force exerted by and through" human action and that, therefore, a person need not "directly" touch his victim to exert "physical force." *Id.* at 264-65 (citing *Castleman*, 572 U.S. 157, 170-71 (2014)). If the use of indirect or direct physical force can cause a violent result, the force used is categorically violent.

---

[10] Although the defendants in *Mathis* were convicted of a violation of § 1512(a)(1)(C), which prohibits killing or attempting to kill another person to prevent communication to a law enforcement officer, the holding applies equally to § 1512(a)(1)(A), which prohibits killing or attempting to kill another person to prevent attendance or testimony in an official proceeding.

[11] *Mathis* held §1512(a) divisible, yet did not apply the modified categorical approach because the parties agreed and the record established the defendants were convicted of witness tampering by means of murder under § 1512(a)(1)(C). *Id.* at 265 n.21. Similarly, in the instant case, the parties agree and the Fourth Superseding Indictment and Judgment show Defendant was convicted of witness tampering by means of attempted murder in violation of § 1512(a)(1)(A).

*Id.* at 264-65 (citing *Castleman*, 572 U.S. at 170). Because witness tampering by murder requires an unlawful killing, a violent result, it is categorically violent. *Id.*

Defendant asserts the relevant element of his offense is that he attempted to kill another person, which does not limit the method of killing. Because a killing can be accomplished without the use of physical force, he argues the *Mathis* court's rejection of this argument in light of *Castleman* is erroneous. The court finds the *Mathis* court's holding dispositive of this issue: killing by indirect means is categorically violent because indirect or direct physical force can cause a violent result.

Although Defendant was convicted of attempt to kill in violation of § 1512(a)(1), instead of accomplishing the actual killing, § 924(c)(3)(A) is clear the attempted use of physical force qualifies as a crime of violence. Section 924(c)(3)(A) defines a crime of violence as "an offense that is a felony and – (A) has an element the use, *attempted use*, or threatened use of physical force against the person or property of another.") (emphasis added).[12]

Several courts of appeals have held that an attempt to commit a crime that requires the use, attempted use, or threatened use of physical force is itself a "crime of violence" under § 924(c)(3)(A). *See United States v. St. Hubert*, 909 F.3d 335, 351-353 (11th Cir. 2018) (holding attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)); *Hill v. United States*, 877 F.3d 717, 718-19 (7th Cir. 2017) ("When a substantive offense would be a violent

---

[12] In fact, the jury in Defendant's case was instructed that one of the essential elements the Government must prove as to Count 5 was that "[t]he defendant knowingly used physical force or attempted to do so against Carl Knight, a person identified in the indictment as a witness." Jury Charge at 1602.

15

felony under § 924(c) and similar statutes, an attempt to commit that offense also is a violent felony."), *cert. denied*, __ U.S. __, 139 S. Ct. 352 (2018); *United States v. Armour*, 840 F.3d 904, 908-09 (7th Cir. 2016) (holding attempted armed bank robbery qualifies as a crime of violence under § 924(c)(3)(A)).

Defendant argues the substantial step required for an attempt conviction will not always involve an actual or threatened use of force and thus would not qualify under § 924(c)(3)(A). However, this court agrees with the circuits that have rejected this argument, finding that even if the completed substantial step falls short of actual or threatened force, the assailant has attempted to use actual or threatened force because he has attempted to commit a crime that would be violent if completed. *See St. Hubert*, 909 F.3d at 352 ("Given the statutory specification that an element of attempted force operates the same as an element of completed force, and the rule that conviction of attempt requires proof of intent to commit all elements of the completed crime, . . . an attempt to commit that offense is also a violent felony."); *Hill*, 877 F.3d at 718-19.[13]

The only difference between killing or attempting to kill another person is the success or failure of the effort. Therefore, once the elements of § 1512(a)(1)(A) by attempted killing are met

---

[13] The court notes the Fourth Circuit's decision in *Simms* does not require a different result. In *Simms*, the court held conspiracy to commit Hobbs Act Robbery does not categorically qualify as a crime of violence under the force clause of § 924(c)(3)(A). The court concluded because conviction for conspiracy requires only proof of an agreement to commit actions that, if carried out, would violate the Hobbs Act, such an agreement would not invariably require the actual, attempted, or threatened use of physical force. *Simms*, 914 F.3d at 233-34. Unlike conspiracy, attempt to kill a witness in violation of § 1512(a)(1) requires a substantial step. And even if that step falls short of actual or threatened force, the assailant has attempted to use actual or threatened force because he has attempted to commit a crime that would be violent if completed. *Mathis*, 932 F.3d at 264-65.

16

by jury verdict or established via guilty plea, a defendant has been found guilty of an offense that has as an element the attempted use of physical force, as required by § 924(c)(3)(A).

A number of district courts in this circuit have considered whether attempting to kill in violation of § 1512(a)(1) is a crime of violence under the force clause of § 924(c), and have concluded it is. *Harris v. United States*, No. 2:12-232, 2019 WL 3548815, at *2-3 (D.S.C. Aug. 5, 2019) (decided days after *Mathis* was issued, but not citing *Mathis*); *United States v. Music*, No. 1:09CR00003, 2019 WL 2337392 at *5 (W.D. Va. July 11, 2019) (decided before *Mathis*); *see also West v. United States*, No. 2:09-cv-00052, 2019 WL 4132437 (S.D. W. Va. Aug. 29, 2019) (adopting Magistrate Judge's proposed Findings and Recommendation over objection) (Magistrate Judge's PF&R issued prior to *Mathis*, but decision adopting citing *Mathis*) (holding attempting to kill under §1512(a)(1)(C) is a crime of violence under § 924(c)(3)(A)). This court agrees with the resolution of those cases. Section 1512(a)(1)(A) has as an element the use or attempted use of physical force, thereby satisfying the force clause of § 924(c)(3)(A). Therefore, Defendant's § 924(c) conviction properly rests upon his underlying §1512(a)(1) conviction.[14]

---

[14] The court finds Defendant's remaining arguments unavailing. *See* ECF Nos. 335 at 7, 342. Defendant argues his conviction under §1512(a)(1) is ambiguous because the docket references manslaughter instead of murder; however, the controlling documents in the case (the Indictment and Jury Charge) clearly show Defendant was charged with attempt to kill, which tracks the language of the statute at § 1512(a)(1). In addition, the fact that the jury was also instructed with the residual clause language of § 924(c) does not mean the conviction under § 1512(a)(1)(A) is not a crime of violence under the force clause. *See United States v. Winston*, 850 F.3d 677, 680 (4th Cir. 2017) ("[E]ven though the residual clause is void, the force clause and the enumerated clauses remain valid as defining the scope of a predicate violent felony."). Defendant also challenges his § 924(c) conviction on the grounds that his indictment was constructively amended and the jury could have found him guilty using the residual clause. ECF No. 342. This argument

## V. **Conclusion**

Defendant remains an Armed Career Criminal and a Career Offender. In addition, Defendant's challenge to his conviction under § 924(c) fails because his underlying offense qualifies as crime of violence under the § 924(c) force clause. Therefore, Defendant's § 2255 motions (ECF Nos. 259, 269) are denied.[15] The Government's motion to dismiss (ECF No. 274), based solely on untimeliness, is moot, as is Defendant's *pro se* motion for extension of time (ECF No. 330).

## **CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,*

---

fails. The indictment specifically mentioned § 1512(a)(1) and (2); therefore, the jury instructions were proper and the indictment was not constructively amended.

[15] Defendant also argues his felon in possession of a firearm conviction under § 922(g) is invalid based on a faulty indictment under *Rehaif v. United States*, __ U.S. __, 139 S.Ct. 2191, 2200 (2019). However, the instant § 2255 motion was filed as a successive § 2255 motion with permission from the Fourth Circuit to challenge his sentence based on *Johnson*. ECF No. 258. As the Fourth Circuit did not grant permission to challenge the sentence under *Rehaif*, the court finds this ground is barred by §§ 2244, 2255(h).

537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina
October 7, 2019